ELIZABETH SMITH and others, *vs.* DAVID SMITH, Exc'r of GEORGE SMITH.

A testator directed that his wife should retain a negro girl "until she arrived at the age of thirty-five years, which will be in October 1858," and if his wife should die before that period, then his son should take said girl and have her time for the term of her service valued, and account therefor as his executor. The widow sold the girl for the term of her service, and

Smith, *et al.*, *vs.* Smith's Exc'r.

died in June 1852, and the son was her administrator. HELD:

1st. That the widow had the clear right to sell the girl for her term of service, the right of the purchaser however was to cease, whenever the widow should die or the girl attain the age of thirty-five years: the widow's right to dispose of the girl was only limited by the legislation prohibiting her sale beyond the limits of the State.

2nd. The purchaser could not defeat the right of the estate of the testator, to the value of the services of the girl from the death of the widow to October 1858, and the executor must charge himself with these services, and be allowed therefor in his account, as administrator of the widow.

APPEAL from the Orphans Court of Washington County.

This appeal was taken from an order of the court below, dismissing the petition of the appellants. The facts of the case are fully stated in the opinion of this court.

The cause was argued before LE GRAND, C. J., ECCLESTON and TUCK, J.

*Z. S. Clagett* and *J. Dixon Roman* for the appellants argued:

That the defendant is liable to be charged with the value of the services of the negro girl from June 1852 to October 1858, as prescribed by the testator in his will.

The matters set up in avoidance by the defendant are not supported by proof. There is no evidence in the record that the sale of the negro girl was with the knowledge and approbation of all the children. On the contrary, the testimony shows, that one of the petitioners was a minor at the time of the sale to Schnebly, and consequently could give no consent. The answer is an affirmative averment, and is not evidence unless sustained by proof. 1 *H. & G.*, 81, 82. 10 *G. & J.*, 65. 4 *Md. Rep.*, 87, 97. Having accepted the office of executor, he was bound to execute the trust reposed in him in the manner prescribed by the testator. Instead of effectuating the humane object of the testator, he admits that the sale to Schnebly was with his knowledge, which was a wilful violation of his trust and resulted in frustrating the intention of the testator, viz., the freedom of the girl in October 1858. The sale by Mrs. Smith was a forfeiture of her title. She

63      v.6

had no right to sell her for a longer term than during her own life, and it was the duty of the defendant to have reduced the girl into possession immediately after the sale. If he consented to the sale and neglected to compel Mrs. Smith to give security for the forthcoming of the purchase money at her death, then he became her security and should be held to a strict accountability.

The defendant is the executor of George Smith and the administrator of Nancy Smith. He admits assets, as administrator of Nancy Smith, to the amount of $600. The estate of Nancy Smith is clearly liable to the estate of George Smith, at least for the value of the negro girl, from June 1852 to October 1858; and if the defendant, as executor of George Smith, has neglected to discharge his duty as executor, in not recovering the value of these services from the estate of Nancy Smith, he necessarily becomes personally responsible for those services, and the prayer of the petition ought to have been granted by the orphans court. See 9 *Gill*, 410, *Stevens vs. Gordy*. 1 *Md. Rep.*, 208, *Snively vs. Beavans*.

*Daniel Wiesel* for the appellee, argued:

1. That Mrs. Smith, the widow, had an interest in the girl while under thirty-five years of age, and during her life, which she could dispose of, and that she could sell with or without the consent of those entitled to the remainder. 6 *H. & J.*, 18, *Hamilton vs. Cragg*. 10 *G. & J.*, 478, *Sutton vs. Crain*.

2. That during the life of the widow, (the girl being under thirty-five,) the executor could exercise no control over the girl or prevent the sale by the widow, and is not responsible for any of its consequences, or so as to be charged in the manner sought by the petition.

3. The facts proved constitute a complete defence to the claim of the petitioners, the appellants. Mrs. Smith received the money for the negro, and there is no authority in the orphans court to compel the appellee to account for this negro *as executor* of George Smith, because she was sold after his death, and there was no debt due his estate therefor.

LE GRAND, C. J., delivered the opinion of this court.

This is an appeal from the orphans court for Washington county.

It appears that George Smith departed this life in the month of March, in the year 1834, leaving a will, in which, among other things, is the following: "It is my will that my negro girl Maria, be retained by my wife until she arrives at the age of thirty-five, which will be in October 1858; and should it so happen that my wife should die before that period, that then and in that case my son shall take her himself, and have her time for the term of her service valued, and account therefor as he has to do as executor." Mrs. Smith, the wife of the testator, died in June 1852, and letters of administration were granted on her estate to the appellee. About two years after the death of his intestate, he, as executor of his father, settled an account, in which he omitted to charge himself with the value of the services of the negro woman, from the death of his intestate up to the time when she would be entitled to her freedom. The object of the petition in this cause, was to compel him to so account and charge himself.

The appellee admits all the principal allegations of the petition, but claims exemption from all liability, because, as he alleges, his intestate during her life, sold the girl for the term prescribed in the will of her husband for the sum of $275, and that the person to whom she was so sold, afterwards sold her beyond the limits of the State of Maryland; and he further avers that she was so sold, "with the knowledge of all the children of the said Nancy Smith," the testator's widow.

Under the will of George Smith, his widow was entitled to the services of the girl during her life, if she should die before the girl attained the age of thirty-five years, and she had, therefore, a clear right to sell the girl for the term; the right of the purchaser to cease whenever Mrs. Smith should die, or the girl attain the age of thirty-five. This right of disposition—her husband's estate being solvent—was only limited by the legislation of the State, prohibiting the sale of a slave, for a term of years, beyond its limits. The purchaser

Smith, *et al.*, *vs.* Smith's Exc'r.

could not defeat the right of the estate of George Smith, to the value of the services of the girl from the time of the death of Mrs. Smith up to October 1858: he could only purchase the interest of Mrs. Smith, which necessarily terminated with her life. At her death, her estate was liable to the estate of her husband, for the delivery of the girl for the benefit of his heirs and distributees. It was the duty of the executor of George Smith, to recover this claim, but this he failed to do. Had any one other than himself been the administrator on the estate of his mother, in all probability the claim would have been preferred and allowed. He admits he has in his hands, belonging to the estate of his intestate, a considerable sum undisposed of, and we think, out of it ought to be allowed the value of the services of the negro from the death of Mrs. Smith to October 1858. Of course this allowance should be made in subordination to claims having legal priority, if any such there are. If he charges himself, in his accounting as executor of his father, with the value of the services of the girl, he will be allowed by the same court the amount in his accounting as administrator of his mother.

The answer of the appellee states, the sale was made to one Daniel Schnebly, but the memorandum of sale offered in evidence, shows the sale to have been made to one William D. McKinstry. There was a question made in the argument as to the admissibility of this evidence. It is not necessary in the view we have taken of the case, that we should decide it, and we only advert to it for the purpose of expressing our condemnation of the contrivance, by whoever made, to deprive a helpless negress of the freedom to which she was entitled by her master's will. Such conduct was not only a gross fraud, but ought to be visited with the severest penalties of the criminal law.

> *Order reversed and cause remanded*
> *for further proceedings.*